Greetings from Cedar Rapids. Pleasure to be in front of you this morning. The case that I'm representing Ms. Samuels- I can barely hear you. The case that I'm here this morning is an immigration case with an unusual slant to it. The defendant, Ms. Samuels, was married to a foreign-born man some 19 years ago, in which she filed a petition for that ex-husband to get a green card. The petition was approved, however, the couple divorced, and the ex-husband never received a visa or green card from that marriage. Now fast forward 18 years. Ms. Samuels has married her fourth marriage to a gentleman from Jamaica. 18 years later, she files a petition for this gentleman, her husband, in which she's still married, for him to get a green card to obtain permanent residence. And one of the many questions that she responded to was, have you ever filed a petition for any other person before? And she incorrectly marked the no box. She was prosecuted for that. She was sent to prison for that. Ms. Samuels is here this morning. At the trial, the defense lawyer, the trial attorney, argued that the checking of the wrong box was not purposeful or willful or with knowledge. In any event, it wasn't material. Well, how do we know it wasn't willful or knowledge? Well, as part of her petition for her current husband, Ms. Samuels fully disclosed her prior marriage. She included his name, Exhibit 1, Page 1, Exhibit 1, Page 5, Exhibit 1, Page 6, Page 7, Exhibit 1, Page 42 and 44, all dealing with this second marriage. And the government states, well, she didn't want the immigration office to scrutinize that second marriage. Well, that's not true. And that's not true by all the times that she disclosed that she was previously married. What she didn't know was that even though he obtained no benefit from getting a green card or visa, that is considered being a filed case. What do you mean he didn't? Well, the second husband never obtained any benefit from that petition. He didn't get the green card? Did not. Okay. And it wasn't because the marriage was not valid. It was because the couple had divorced. So she disclosed. Well, here's my difficulty with the case. Yes. In order to be material, misrepresentation has to be capable of influencing the decision. What decision is involved in the decision to grant the petition of the I-130? Is that the decision? The decision to give a green card. And what was the government's theory? Well, the materiality has to go to the current case. Whether the current marriage that Ms. Samuels is in currently, is that a legitimate marriage or is it a fraudulent marriage? But what's at issue here is, correct me if I'm wrong, the petition, the I-130 petition. So it's got to be that decision, doesn't it? Yes, it has to be. The decision being made for it to be material has to be on the current marriage. Is this current marriage a legitimate marriage? And at the trial, the immigration officer said, well, if I would have known about the marriage 18 years ago, I would have investigated it, and if I would have determined that it was a fake marriage, then Ms. Samuels can never petition for anyone else again. And that was just completely wrong. But in fact... Well, counsel, on materiality, I'm sure that was wrong, but I'm not sure that's what he meant. Because what if the marriage to Mr. Samuels was found to be invalid because the investigation prompted by disclosure of the prior I-130, plus some strange facts involving Mr. Darrow in the Caribbean, persuaded CIS that the defendant did this repeatedly and therefore this marriage was not valid, I-130 denied? Well, that's evidence not in the record. That's not what the immigration... I haven't even read the record. I've just read the briefs. Everything I just said is in or inferable from the briefs. I respectfully disagree, Your Honor. The immigration officer at the trial and the district court explicitly relied on was that his testimony, the officer's testimony was, well, if I would have found out about the prior marriage, that could have led me to find it was fraudulent, which would have...